IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF TEXAS
                              FORT WORTH DIVISION

NORBERTO ADOLIO ROBLES,            §
                                   §
     Plaintiff,                    §
                                   §
v.                                 §    CIVIL ACTION NO.4:17-CV-331-Y
                                   §
RODNEY CHANDLER, Warden,           §
FMC-Fort Worth, *et al.*,          §
                                   §
     Defendants.                   §


       **OPINION AND ORDER OF DISMISSAL UNDER 28 U.S.C. §1915(e)(2)(B)**

     This case is before the Court for review of pro-se plaintiff Norberto Adolio Robles's complaint under the screening provision of 28 U.S.C. § 1915(e)(2)(B). This case began when Robles submitted a complaint in a then-pending petition for writ of habeas corpus under 28 U.S.C. § 2241 that was severed and opened as this separate civil suit. *Robles v. Wilson*, No. 4:17-CV-092-Y, Order ECF No. 12. Robles then sought to proceed in form pauperis, and that motion was granted, subjecting the case to review under § 1915(e)(2)(B).(Doc. 8.) After review and consideration of Plaintiff's claims, the Court determines that the complaint must be dismissed.


**I.   BACKGROUND/PLEADING**

     In this suit plaintiff Robles submitted a voluminous complaint with attachments totaling 80 pages.(Complaint, (doc. 1).) Robles names as defendants Rodney Chandler, warden, FMC-Fort Worth; and Joe D. Driver, warden, FDC-Houston. (Complaint (doc. 1) at 3-5.) He

also claims to bring suit "against two agencies within the United States Department of Justice (DOJ), the Federal Bureau of Prisons and the Civil Division."(Complaint (doc. 1) at 10.) Otherwise the complaint and many attachment pages consist of a rambling set of factual allegations that begin with Robles's arrest in September 2006 and continues though February 2017. (Complaint (doc. 1) at 10-22.) Robles alleges violations of several constitutional amendments, seeks to be exonerated from his criminal conviction, and seeks to "be paid approximately $ 98 Million." (Complaint (doc. 1) at 10.)

## II. SCREENING UNDER 28 U.S.C. § 1915(e)(2)(B)

Because Robles is proceeding *in forma pauperis*, his complaint is subject to screening under § 1915(e)(2). Section 1915(e)(2)(B) provide for *sua sponte* dismissal of the complaint if the Court finds it is frivolous or malicious(i), if it fails to state a claim upon which relief may be granted (ii), or if the complaint seeks monetary relief against a defendant who is immune from such relief (iii).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it

2

fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, a plaintiff must allege facts sufficient to "raise the right to relief above the speculative level."*Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

### III. ANALYSIS

**A. No Personal Involvement**

Because plaintiff Robles has sued federal government officials, the Court has construed his claims in part as seeking relief under *Bivens* v. *Six Unknown Named Agents of the Federal Bureau of Narcotics ("Bivens")*.403 U.S. 388, 297 (1971). *Bivens,* of course, is the counterpart to 42 U.S.C. § 1983, and extends the protections afforded under § 1983 to parties injured by federal actors. *See Evans v. Ball,* 168 F.3d 856, 863 n. 10 (5th Cir. 1999) ("A *Bivens* action is analogous to an action under § 1983--the only difference being that § 1983 applies to constitutional violations by state, rather than federal officials")*, overruled on other grounds, Castellano v. Fragozo,* 352 F.3d 939, 948–49 & n. 36 (5th Cir. 2003), *cert den'd,* 543 U.S. (2004). *Bivens* provides a cause of

3

action against federal agents only in their individual capacities and requires a showing of personal involvement. *Affiliated Prof'l Home Health Care Agency v. Shalala,* 164 F.3d 282, 286 (5th Cir. 1999)(citations omitted). Although Robles listed both then FMC Fort Worth Warden Rodney W. Chandler and FDC-Houston Warden Joe E. Driver as party defendants, he has provided no specifics of any action taken by these persons, much less any action taken against him. Thus, Robles's claims against Chandler and Driver must be dismissed.

**B.     No Agency Liability under *Bivens***

Robles also brings suit against the Bureau of Prisons and the Department of Justice Civil Division. (Complaint (doc. 1) at 10.) A *Bivens* claim, however, is not authorized against a federal agency. *Federal Deposit Insurance Corp. V. Meyer,* 510 U.S. 471, 484-86 (1994). Plaintiff may not assert relief for alleged violations of his constitutional rights against the Bureau of Prisons or the Department of Justice, and such claims must be dismissed.

**C.     No Agency Liability under the FTCA**

Robles also recites that he pursues a tort claim, apparently under the Federal Tort Claims Act ("FTCA"). (Complaint(doc. 1) 1, 3, 46.) The FTCA waives the United States's sovereign immunity from tort suits. *McGuire v. Turnbo,* 137 F.3d 321, 324 (5th Cir. 1998) (citing 28 U.S.C. § 2674). Because the FTCA provides such a waiver,

the limitations and conditions upon which the government consents to be sued must be construed strictly in favor of the United States. *Atorie Air, Inc., v. Federal Aviation Administration,* 942 F.2d 954, 957 (5th Cir. 1991)(citing *Lehman v. Nakshian,* 453 U.S. 156, 160 (1981)). To sue successfully under the FTCA, "a plaintiff must name the United States as the sole defendant." *McGuire,* 137 F.3d at 324 (citing *Atorie Air, Inc.,* 942 F.2d at 957). The Bureau of Prisons nor the Department of Justice are proper defendants in a suit under the FTCA, and thus any such claims against theses agencies must be dismissed.

D.  **Failure to State a Claim**

The balance of Robles's complaint is a lengthy litany of numerous events at all phases of his arrest, prosecution, and conviction. The complaint and incorporated attachments otherwise recite no facts that state a plausible claim for relief. Robles has not alleged facts sufficient to raise the right to relief above the speculative level. The remaining claims fail to state a claim upon which relief may be granted and must be dismissed without prejudice.

IV. **CONCLUSION and ORDER**

For the foregoing reasons, plaintiff Norberto Adolio Robles claims against Rodney W. Chandler, Joe D. Driver, the Bureau of Prisons, and the Department of Justice Civil Division are **DISMISSED**

without prejudice as frivolous under authority of 28 U.S.C. § 1915(e)(2)(B)(i). Furthermore, all of Robles's remaining claims are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted under authority of 28 U.S.C. § 1915(e)(2)(B)(ii).

SIGNED September 20, 2018.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE